UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Daiquan R. Bennett,<br><br>    *Plaintiff*,<br><br>v.<br><br>City of Chicago, *et al.*,<br><br>    *Defendants*. | No. 24 CV 12658<br><br>Judge Lindsay C. Jenkins |

MEMORANDUM OPINION AND ORDER

Plaintiff Daiquan Bennett brings this action against the City of Chicago and Chicago Police Department ("CPD") Officers Clark and Roberson under 42 U.S.C. § 1983 alleging that he was unlawfully seized, searched, and arrested during a traffic stop and then detained and maliciously prosecuted in violation of the Fourth Amendment and Illinois state law. Before the court is Bennett's motion to dismiss, [Dkt. 12.][1] For the reasons below, the motion is granted in part and denied in part.

I.  Background

At the motion to dismiss stage, the court accepts as true all well-pleaded allegations set forth in the complaint, [Dkt. 1], and draws all reasonable inferences in Plaintiff's favor. *See Craftwood II, Inc. v. Generac Power Sys., Inc.*, 920 F.3d 479, 481 (7th Cir. 2019). A court may also consider facts alleged in a brief in opposition to a motion to dismiss to the extent that they are consistent with the claims alleged in the complaint. *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015).[2]

This case arises out of a traffic stop. On December 11, 2022, Bennett was driving in Chicago with his girlfriend and daughter. Officers Clark and Roberson pulled Bennett over after he ran two stop signs. The officers requested his driver's license, which he produced, and insurance, for which Bennett provided an expired copy. [Dkt. 1, ¶¶ 7, 10–11; Dkt. 17 at 3–4.] The officers questioned Bennett for about six and a half minutes. They asked multiple times whether he had anything illegal in the car and inquired about his criminal history. Bennett explained that he was on probation for a drug-related offense but repeatedly stated that there was nothing illegal in the car. [Dkt. 1, ¶ 12; Dkt. 17 at 4.] At some point during this exchange,

---

[1]  Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

[2]  Bennett alleges many facts for the first time in his opposition brief. Given that these allegations are consistent with those in the complaint and Defendants also rely upon them in reply, the court incorporates them into its recitation of the factual allegations.

1

Officer Clark smelled fresh, burnt cannabis in the car and asked Bennett to exit the vehicle. [Dkt. 1, ¶ 14; Dkt. 17 at 4–5.] Officer Clark noticed a bulge in Bennett's front sweater pocket. He conducted a protective pat down and recovered improperly stored cannabis. [Dkt. 1, ¶¶ 16–17; Dkt. 17 at 5–6.]

The officers then handcuffed Bennett and searched the passenger compartment of the car where they discovered a firearm under the passenger seat. At this point, they also handcuffed Bennett's girlfriend. They questioned both Bennett and his girlfriend about possession of weapons and narcotics. [Dkt. 1, ¶¶ 18–20; Dkt. 17 at 6–7.] The officers ultimately arrested Bennett and charged him with various firearm-related offenses.[3] Bennett was found not guilty at trial on three of the charges and the remaining charges were dismissed *nolle prosequi*. [Dkt. 1, ¶ 22–24; Dkt. 17 at 7.] He then initiated this § 1983 action against Officers Clark and Roberson and the City of Chicago.

## II.     Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims. "To survive a motion to dismiss under Rule 12(b)(6), plaintiff's complaint must allege facts which, when taken as true, plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (cleaned up). Although the Court takes well-pleaded factual allegations as true, conclusory allegations as insufficient to avoid dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.    Analysis

Bennett brings five claims against Officers Clark and Roberson: unlawful search and seizure (Count I); false arrest (Count II); unlawful pretrial detention (Count III); and malicious prosecution (Counts IV and V) under the Fourth Amendment and state law.[4] He also claims *respondeat superior* liability and indemnification against the City of Chicago (Counts VI and VII).

---

[3]     Bennett was charged with the offenses of armed habitual criminal, 720 ILCS 5/24-1.7(a); possessing a machine gun/automatic weapon, 720 ILCS 5/24(a)(7)(i); being a felon in possession, 720 ILCS 5/24-1.1(a); and aggravated unlawful use of a weapon with a previous conviction, 620 ILCS 5/24-1.6(a)(1) (two counts). [Dkt. 1, ¶ 23.]

[4]     Bennett's response brief asserts that the officers "coerced" a confession from him, [Dkt. 17 at 7], but he didn't include a coerced confession claim in his complaint, so the court disregards these allegations.

2

### A. Unreasonable Search & Seizure

In Count I, Bennett claims that Officers Clark and Roberson violated the Fourth Amendment by unlawfully prolonging the traffic stop and searching his person and car without reasonable suspicion.

The Fourth Amendment is made applicable to the States by the Fourteenth Amendment. *Lopez-Aguilar v. Marion Cnty. Sheriff's Dep't*, 924 F.3d 375, 380 n.1 (7th Cir. 2019). "To state a claim under the Fourth Amendment, a plaintiff must show that a search or seizure occurred and that the search or seizure was unreasonable." *Hess v. Garcia*, 72 F.4th 753, 761 (7th Cir. 2023). "Under *Terry v. Ohio*, 392 U.S. 1 (1968), law enforcement officers may conduct brief investigatory stops if they have reasonable suspicion that a person is engaged in criminal activity." *United States v. Smith*, 32 F.4th 638, 641 (7th Cir. 2022). Reasonable suspicion is an objective standard based on the totality of "facts available to the officer at the moment of seizure." *United States v. Jackson*, 962 F.3d 353, 357 (7th Cir. 2020). It "requires more than a hunch but less than probable cause and considerably less than preponderance of the evidence." *Smith*, 32 F.4th at 641 (quoting *United States v. Reedy*, 989 F.3d 548, 552 (7th Cir. 2021)). Reasonable suspicion exists when an officer reasonably believes he has witnessed a traffic violation, "even if the violation is quite minor." *Id.* Probable cause exists where the "'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person . . . in believing, in the circumstances shown, that the suspect has committed' a crime." *Holland v. City of Chicago*, 643 F. 3d 248, 254 (7th Cir. 2011) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979).

*Terry* stops are meant to be limited in scope. They may only last long enough to "address the traffic violation that warranted the stop and attend to related safety concerns." *United States v. Goodwill*, 24 F.4th 612, 615 (7th Cir. 2022) (quoting *Rodriguez v. United States*, 575 U.S. 348, 354 (2015)). Once this mission is complete, an officer cannot constitutionally prolong the stop without reasonable suspicion of other criminal activity. *Id.* at 615–16.

Defendants argue that Count I must be dismissed because Bennett's own allegations show that Officers Clark and Roberson had reasonable suspicion to stop Bennet and probable cause to search him and his car. The court agrees.

Bennett doesn't dispute that Officers Clark and Roberson had at least reasonable suspicion to stop him when they saw him drive through two stop signs. *See Smith*, 32 F.4th at 641; *United States v. Norville*, 43 F.4th 680, 682 (7th Cir. 2022) (driving through a stop sign provides probable cause to arrest); 625 ILCS 5/11-1204. Instead, his claim is rooted in allegations that the officers unconstitutionally prolonged the stop when they questioned him for over six minutes about topics unrelated to the reason for the stop and then ordered him out of the car for no reason.

3

Bennett's allegations show that the officers acted within the limits of a *Terry* stop. During a *Terry* stop, an officer may ask the driver and any passengers routine questions that don't prolong the stop, including questions unrelated to the reason for it. *Goodwill*, 24 F.4th at 616. A stop may also be extended if the officer develops reasonable suspicion to believe another crime has been committed. *See United States v. Avila*, 106 F.4th 684, 696 (7th Cir. 2014) ("[I]f the officers develop reasonable suspicion of another crime [during a traffic stop], they don't have to turn a blind eye to that potential crime."). This is precisely what happened here. Officers Clark and Roberson began by asking Bennett routine questions about his license and insurance. At some point during the stop, Officer Clark smelled fresh, burnt cannabis in the car. Under Illinois law, a driver may not possess cannabis except in a certain kind of inaccessible container. 625 ILCS 5/11-502.15(b). In the Seventh Circuit, the smell of cannabis in a car alone creates probable cause to believe that this law has been violated. *See United States v. Jackson*, 103 F.4th 483, 488 (7th Cir. 2024), *reh'g denied*, No. 23-1708, 2024 WL 3737320 (7th Cir. Aug. 7, 2024), and *cert. denied*, No. 24-7160, 2025 WL 1603647 (U.S. June 6, 2025). Consequently, when Officers Clark and Roberson smelled cannabis, they had not just reasonable suspicion but also probable cause to believe that another crime may be afoot and could question Bennett about what was in the car and his criminal history without unreasonably prolonging the stop.

It's also well-established that an officer may "order drivers and passengers out of a car during a traffic stop to ensure officer safety." *Smith*, 32 F.4th at 641. Officer Clark and Roberson could have ordered Bennett out of the car at any point during the stop; they were further justified in doing so once they smelled the cannabis and suspected further criminal acts. *Jackson*, 103 F.4th at 487. Consequently, Bennett's allegations do not state a claim of unreasonable seizure based on these events.

Bennett also alleges that the officers unreasonably searched his person and vehicle once he stepped out of the car. [Dkt. 17 at 5–7.] But here too, Bennett has pled himself out of court. He alleges that Officer Clark smelled fresh, burnt cannabis in his car and saw a bulge in his front sweater pocket when he stepped out. Together, these observations gave Officer Clark reason to believe Bennett may be carrying improperly stored cannabis in his pocket in violation of state law, and, consequently, probable cause to arrest him. *Cf. United States v. Paige*, 870 F.3d 693, 700 (7th Cir. 2017) (holding that the odor of marijuana, if sufficiently localized to a specific person, provides probable cause to arrest that person for the crime of marijuana possession). The officers thus also had probable cause to search Bennett's person for evidence of the crime. *Jackson*, 103 F.4th at 486, 488 ("The smell of marijuana alone justifies a Fourth Amendment search or seizure."); *Venson v. Altamirano*, 749 F.3d 641, 651 (7th Cir. 2014) ("With probable cause to arrest [plaintiff], the officers were entitled to conduct a search of his person (including, for example, his pockets) incident to arrest.").

As to the search of Bennett's car, "[p]robable cause to search a vehicle exists when, based on the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Jackson*, 103 F.4th at 487 (quoting *United States v. Sands*, 815 F.3d 1057, 1063 (7th Cir. 2015)). Officers Clark and Roberson had probable cause to believe Bennett's car held evidence of contraband because they smelled fresh, burnt cannabis in the car, and they later found it in his pocket. Based on these circumstances, the officers also had probable cause to search Bennett's vehicle.

Bennett argues that because improperly stored cannabis was already recovered from his person, it was possible that no additional evidence would be recovered from the vehicle, so the vehicle search was unconstitutional. [Dkt. 17 at 6–7.] Bennett cites no case law to suggest that if officers find evidence of a crime, they cannot continue to search for additional evidence. Since Officers Clark and Roberson found improperly stored cannabis on Bennett and smelled it in his car, it was logical to suspect that there might be more contraband in the vehicle. The search was thus amply supported by probable cause. Count I is dismissed.

### B. False Arrest and Unlawful Pretrial Detention

In Counts II–IV, Bennett claims that Officers Clark and Roberson falsely arrested and unlawfully detained him pretrial in violation of the Fourth Amendment. Although each claim has distinct elements, both require a lack of probable cause. *Norris v. Serrato*, 761 F. App'x 612, 615 (7th Cir. 2019) (holding that "probable cause is an absolute defense to claims under [§ 1983] against police officers for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention"). Furthermore, an arrest or pretrial detention "is reasonable under the Fourth Amendment so long as there is probable cause to believe that *some* criminal offense has been or is being committed, even if it is not the crime with which the officers initially charge the suspect." *Jackson v. Parker*, 627 F.3d 634, 638–39 (7th Cir. 2010) (alteration in original) (quoting *Fox v. Hayes*, 600 F.3d 819, 837 (7th Cir. 2010)).

Bennett fails to state a claim for false arrest or unlawful pretrial detention. As above, the allegations demonstrate that Officers Clark and Roberson had probable cause to arrest Bennett for running two stop signs and possessing improperly stored cannabis. The officers therefore lawfully arrested Bennett even though he was not ultimately charged with a traffic or drug offense. Counts II and III are dismissed.

### C. Malicious Prosecution

Bennett also brings malicious prosecution claims under the Fourth Amendment and Illinois state law. To state a malicious prosecution claim under the Fourth Amendment, a plaintiff must allege that (1) the prosecution was instituted without any probable cause; (2) the motive in instituting the prosecution was "malicious"; and (3) a favorable termination of the underlying criminal prosecution.

5

*Thompson v. Clark*, 596 U.S. 36, 44 (2022). The elements under Illinois law are nearly identical. *See Martinez v. City of Chicago*, 900 F.3d 838, 849 (7th Cir. 2018); *Beaman v. Freesmeyer*, 183 N.E.3d 767, 782 (Ill. 2021). For a malicious prosecution claim, probable cause is determined by what the officers knew when the charging document was filed, not at the time of arrest. *Holland*, 643 F. 3d at 254. Unlike a false arrest or pretrial detention claim, probable cause is only a defense to malicious prosecution where it is shown for each charge filed, and the presence of probable cause for one charge does not preclude a malicious prosecution claim where it is lacking for others. *Chiaverini v. City of Napoleon*, 602 U.S. 556, 558–59, 562–64 (2024).

Bennett was charged with four different firearm offenses that prohibit the possession of: certain types of firearms; firearms by certain classes of persons; and firearms in a vehicle under certain circumstances. [Dkt. 1, ¶ 23.] At the motion to dismiss stage, Defendants bear the burden of showing that the complaint's allegations are insufficient, *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021), but failed to identify allegations that establish probable cause for each charge.

Defendants only challenge the first prong of a malicious prosecution claim. They argue that the allegations show there was probable cause to arrest Bennett for these charges because they found a firearm under the passenger seat of his car. [Dkt. 12 at 6.] However, the discovery of a firearm in a vehicle alone is insufficient to support probable cause. *See United States v. Chavez*, 625 F. Supp. 3d 760, 773–74 (N.D. Ill. 2022) (holding that "mere gun possession standing alone cannot establish probable cause (setting aside gun possession that is illegal in certain areas . . .)," but "[w]hen gun possession is paired with evasive or other suspicious conduct, probable cause can be found." (citations omitted)).

There are few other allegations about the gun recovered and none support probable cause: Bennett alleges that the officers retrieved it from under the seat, that they asked him "potentially incriminating questions" about it (but he does not say was asked or how he answered), and that he was charged with certain firearm-related offenses, all of which terminated in his favor. [Dkt. 1, ¶¶ 18, 20, 23–24.] While Bennett alleges that he was on probation for a drug offense, he does not allege that he was ever convicted of a felony or crime that would make it illegal for him to possess a firearm. These vague allegations do not demonstrate probable cause with certainty.

Nor have Defendants pointed to any other affirmative allegation establishing probable cause. Instead, they highlight things Bennett did *not* allege, for instance, that he had a valid FOID or concealed carry license that would make otherwise illegal possession of a firearm legal. [Dkt. 12 at 6.] But at this stage, the court is limited to viewing the facts alleged in Bennett's favor. He made no statement one way or the other about a FOID or concealed carry license, so the court cannot simply assume he lacks either. *See Allen v. Taylor*, 2025 WL 885838, at *7–8 (N.D. Ill. Mar. 21, 2025) (noting that the omission of certain allegations in an amended complaint might signal

6

that the information was not to plaintiff's advantage but holding that the claim survived without more facts to indicate either way).

It may well be that Officers Clark and Roberson recovered an illegal type of firearm, that it was stored in an illegal manner, or that Bennett was not allowed to have a firearm at all. But the court cannot fill in these gaps with assumptions that favor Defendants. Consequently, they have failed to show that the allegations necessarily demonstrate probable cause to arrest and charge Bennett for the offenses he was charged with. So, for now, Bennett's malicious prosecution claims may proceed. Since some of his claims against the individual officers survive, so too do his indemnification and *respondeat superior* liability claims against the City. *Cf. Young v. City of Chicago*, 987 F.3d 641, 646 (7th Cir. 2021) (derivative liability claims cannot survive where each claim against the individual defendants fails).

## IV. Conclusion

For the reasons above, the motion is granted in part and denied in part. Counts I–III are dismissed because the allegations in the complaint and response brief, even viewed in Bennett's favor, show that Officers Clark and Roberson had probable cause to seize, search, arrest, and detain Bennett. The motion is otherwise denied.

Enter: 24-cv-12658
Date: July 24, 2025

_____
Lindsay C. Jenkins

7